UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv30-RJC
(3:04cr271)

| | |
|---|---|
| TRACY HOWARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on the following motions:

(1) Petitioner's Motion to Supplement his Motion to Vacate (Doc. No. 8);

(2) Respondent's Motion for Extension of Time (Doc. No. 9);

(3) Respondent's Motion for Leave to File Response Two Days Out of Time (Doc. No. 12);

(4) Respondent's Motion to Dismiss (Doc. No. 13); and

(5) Petitioner's Motion to Extend Time in Which to File Opposition to Government's Answer Brief (Doc. No. 15).

On April 21, 2006, a jury convicted Petitioner of conspiracy to violate 18 U.S.C. §§ 2422, 2423 and 1952, all in violation of 18 U.S.C. § 371 (Count One); ten counts of using interstate commerce to distribute the proceeds of prostitution, to promote prostitution, and aiding and abetting those offenses, in violation of 18 U.S.C. § 1952(a) and 2 (Counts Two through Eleven); conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count Twelve); conspiracy to possess with intent to distribute at least 50 grams of cocaine base, and to

employ, hire, use, persuade, induce, entice and coerce minors to violate Chapter 13 of Title 21 of the United States Code, all in violation of 21 U.S.C. §§ 841, 846 and 861 (Count Thirteen); possession with intent to distribute at least five grams of cocaine base and aiding and abetting that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Nineteen); using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting such offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Twenty); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Twenty-One). (Criminal Case No. 3:04cr271, Doc. No. 269). Furthermore, the jury determined that more than 50 grams of cocaine base were reasonably foreseeable to Petitioner under the drug conspiracy charged in Count Thirteen; and that more than five grams of cocaine base were involved in the drug trafficking offense charged in Count Nineteen. (Id. at 4). On January 18, 2007, the Court sentenced Petitioner to concurrent terms of 60 months' imprisonment for Counts One through Eleven; 240 months' imprisonment for Count Twelve; life imprisonment for Count Thirteen; 480 months' imprisonment for Count Nineteen; 120 months' imprisonment for Count Twenty-One; and to a consecutive term of 60 months' imprisonment for Count Twenty. (Id., Doc. No. 358).

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals. United States v. Howard, 309 F. App'x 760 (4th Cir. Jan. 29, 2009). The Circuit Court rejected Petitioner's claims, affirming both his convictions and sentences. Id. at 771. Petitioner did not seek further direct appellate review for his case.

On January 14, 2010,[1] Petitioner filed the subject Motion to Vacate alleging that: (1) the

---

[1] Petitioner's Motion to Vacate was received at the Court and filed on January 21, 2010; however such document contains a certification that the Motion was placed in Petitioner's Prison mailing system on January 14,

2

U.S. Attorney for the Western District of North Carolina and the prosecuting attorney both failed to obtain written authorization from the United States Attorney General for them to indict and prosecute Petitioner for an offense where death or serious injury resulted from the use of 50 grams or more of crack cocaine, as purportedly required by 18 U.S.C. § 245(a) and 18 U.S.C. §§ 3331 and 3332; (2) the prosecutor engaged in misconduct by failing to produce evidence sufficient to prove to the jury that he was given notice that he was charged with causing a death or serious bodily injury resulting from the use of 50 grams or more of cocaine base, as purportedly required by certain provisions in Title 21; and (3) he was subjected to ineffective assistance of counsel by virtue of counsel's failure to argue during Petitioner's arraignment that the drug conspiracy charge was fatally defective for its failure to give notice that the Government was alleging, and therefore would have to prove, that death or serious bodily injury had resulted from the use of the 50 grams or more of crack cocaine. (Doc. No. 1 at 4-11).

On September 3, 2010, the Court entered an Order directing Respondent to answer Petitioner's allegations. (Doc. No. 3). Thereafter, Respondent filed four Motions for Extensions of Time based upon counsel's inability to obtain an affidavit from Petitioner's former attorney. (Doc. Nos. 4, 6, 7 and 9). The first three of those Motions already have been granted by the Court.

On February 14, 2011, Petitioner filed a Motion to Supplement his Motion to Vacate. (Doc. No. 8). In fact, Petitioner's Motion seeks permission to amend his Motion to Vacate by adding two more claims of ineffective assistance of counsel. (Id. at 1).

On April 6, 2011, Respondent filed its Answer denying the material allegations in

---

2010. Therefore, pursuant to the "mail box rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion as having been filed on January 14, 2010.

3

Petitioner's Motion, and arguing the Petitioner's Motion to Supplement should be denied because his proposed claims are time-barred. (Doc. No. 11). Also on that date, Respondent filed a Motion for Leave to File Response Two Days Out of Time, and a Motion to Dismiss Petitioner's case. (Doc. Nos. 12 and 13, respectively). On June 3, 2011, Petitioner filed a Motion for Extension of Time seeking additional time in which to respond to Respondent's Answer. (Doc. No. 15).

Turning first to Petitioner's Motion to Supplement, inasmuch as he actually is seeking to add two new claims, his de facto motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Such Rule provides that when a party seeks to amend his pleading more than 21 days after he has served it and the opponent has not yet served a responsive pleading or a motion under Rule 12(b), the movant must either secure written consent from the opponent or permission from the court. Fed. R. Civ. P. 15(a)(1) and (2). While leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court has discretion to deny a motion to amend when, among other reasons, an amendment would be futile. Equal Rights Center v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

A cause of action that is barred by an applicable statute of limitations is futile and, therefore, an amendment based on an untimely cause of action can be denied. See Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). However, when a party seeks to add a claim that relates back to an original, timely filed claim, such amendment should be permitted. See Fed. R. Civ. P. 15(c)(1).

Petitioner's limitations period under the Antiterrorism and Effective Death Penalty Act of

4

1996 (hereinafter the "AEDPA") expired on April 27, 2010.[2] Because Petitioner dated the instant motion to amend and submitted it to the Court on February 14, 2011, well after his one-year limitation period under the AEDPA had expired, it was untimely filed. Furthermore, the Court finds that the proposed claims do not relate back to any of Petitioner's timely filed claims.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Conversely, a proposed claim does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading sets forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). See, e.g., United States v. Pittman, 209 F.3d 314, 318 (4 th Cir. 2000) (claims that counsel failed to file requested appeal and that obstruction of justice enhancement was improper did not relate back to original claims challenging sentence enhancement based upon defendant's prior convictions and the Government's alleged failure to prove that drugs at issue were crack cocaine); and United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999) (claim that counsel was ineffective for failing to file appeal as instructed did not relate back to claims that counsel was ineffective for failing to seek downward departure and to object to type of drugs at issue).

Here, the only timely-filed claim back to which Petitioner's proposed claims could conceivably relate is the allegation challenging the effectiveness of trial counsel. Such original claim alleges that counsel failed to argue during Petitioner's arraignment that the drug

---

[2] Petitioner did not seek any further direct review for his case after the Fourth Circuit rejected his appeal by its January 29, 2009 opinion. As such, Petitioner's convictions and sentences became final 90 days later on April 27, 2009, United States v. Clay, 537 U.S. 522 (2007), and he, therefore, was required to file all of his habeas claims on or before April 27, 2010. 28 U.S.C. § 2255(f)(1).

conspiracy charge was fatally defective for its failure to give notice that the Government was alleging, and therefore would have to prove, that death or serious bodily injury had resulted from the use of the 50 grams or more of crack cocaine. (Doc. No. 1 at 9-10). However, the proposed claims allege that counsel failed to file or to disclose Petitioner's signed plea agreement to the Court and prosecutor, and that counsel discarded Petitioner's signed plea agreement, thereby giving him no choice but to proceed to trial. (Doc. No. 8 at 1). The conduct being challenged by the timely filed claim is different from the conduct at issue in the proposed claims. Additionally, the facts that were proffered in support of the timely filed claim are different from the facts that were proffered in support of the proposed claims, as further evidenced by the fact that Petitioner has submitted a second affidavit setting forth new factual allegations with his proposed claims. (Doc. No. 8 at 4-9).

Based upon the foregoing, the Court finds that Petitioner's proposed claims are time-barred. Accordingly, Petitioner's de facto motion to amend must be denied as futile.

Next, Respondent's Motion for Extension of Time (Doc. No. 9) sought a 21-day extension until April 4, 2011, based upon counsel's conclusion that she was going to have to prepare the response to Petitioner's Motion to Vacate without the benefit of an affidavit from defense counsel. (Id. at 2). Therefore, for good cause shown, the Court will grant Respondent's Motion for Extension (Doc. No. 9), nunc pro tunc.

Respondent also filed a Motion for Leave to File Response Two Days Out of Time (Doc. No. 12). This Motion essentially asserts that counsel for Respondent, at the last minute, was ordered to file a response in a matter pending before the Fourth Circuit Court of Appeals; that such response was due one day after her response was due in this case; and that despite her diligence, counsel was unable to file the response in this case by the required deadline. (Id. at 1-

2). For good cause shown, the Court also will grant Respondent's Motion for Leave to File Response Two Days Out of Time. (Doc. No. 12).

Respondent also has filed a Motion to Dismiss. (Doc. No. 13). However, when such a motion is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).[3] In any event, the Court in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advises Petitioner, who is proceeding pro se of his obligation to respond to Respondent's de facto motion for judgment on the pleadings.

In responding to a motion for judgment on the pleadings, Petitioner must show that he has made sufficient allegations to support a cause of action which is recognized by law. Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255. Petitioner is advised that the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Petitioner is further advised that the Court may take judicial notice of matters of public

---

[3] Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Nonetheless, a motion for judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). Walker, supra, 589 F.3d at 139.

record, and may consider documents attached to the Motion to Vacate as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic." Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). However, Petitioner should be mindful that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's motion for judgment on the pleadings, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

Finally, Petitioner has filed a Motion to Extend Time in which to respond to Respondent's Answer Brief. (Doc. No. 15). However, because he is not entitled to respond to an answer and, in any event, the Court is going to give him time to respond to Respondent's de facto motion for judgment on the pleadings (Doc. No. 13), Petitioner's Motion to Extend Time will be dismissed as moot.

**IT IS, THEREFORE, ORDERED that:**

(1) Petitioner's de facto motion to amend his Motion to Vacate (Doc. No. 8) is **DENIED**;

(2) Respondent's Motion for Extension of Time (Doc. No. 9) is **GRANTED, nunc pro tunc**;

(3) Respondent's Motion for Leave to File Response Two Days Out of Time (Doc. No. 12) is **GRANTED**;

(4) Petitioner's Motion to Extend Time in Which to File Opposition to Government's Answer Brief (Doc. No. 15) is **DISMISSED as moot**; and

(5) Within thirty (30) days of the date of this Order, Petitioner shall file a response to

Respondent's <u>de facto</u> motion for judgment on the pleadings (Doc. No. 13).

**Petitioner is advised that his failure to comply with this Order could result in the summary dismissal of his Motion to Vacate without any further notice to him.**

The Clerk shall send copies of this Order to the parties.

Signed: June 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge