**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-30-RJC
(3:04-cr-271-RJC-1)**

| | | |
|---|---|---|
| **TRACY HOWARD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner has been advised of his obligation to respond to the Government's motion to dismiss. (Doc. No. 16). However, Petitioner filed no response. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed and Respondent's motion to dismiss will be granted.

**I.   BACKGROUND**

On April 21, 2006, Petitioner was convicted following a trial by jury of sixteen counts relating to his participation in a conspiracy to operate a prostitution ring, in and affecting interstate commerce, and distribution of cocaine and cocaine base. (Doc. No. 269: Jury Verdict). Petitioner's motion for a new trial was denied. On February 21, 2007, Petitioner was sentenced by the Court to a total term of life imprisonment, and Petitioner noted an appeal from his convictions and sentence to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 358: Judgment).

1

On appeal, Petitioner argued that the trial court erroneously denied his motion to suppress challenged evidence, and that the trial court provided erroneous jury instructions and sentenced him in violation of his Fifth and Sixth Amendment rights. In an unpublished opinion, the Fourth Circuit rejected Petitioner's arguments regarding the denial of his motion to suppress and his argument regarding jury instructions. Finally, the Court found that Petitioner's sentence did not violate his Fifth and Sixth Amendment rights. United States v. Howard, 309 F. App'x 760 (4th Cir. filed Jan. 29, 2009) (unpublished). Petitioner did not seek review from the Supreme Court.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255 Motion

Petitioner raises three related grounds for relief: (1) Whether the prosecution erred in failing to seek permission from the United States Attorney General to initiate his prosecution for possession of 50 grams or more of cocaine base where death or serious bodily injury occurred; (2) whether the prosecution committed misconduct for knowingly failing to produce evidence that the grand jury charged him with causing the death or serious bodily injury resulting from possession and distribution of 50 grams or more of cocaine base; and (3) whether Petitioner

received ineffective assistance of trial counsel when his attorney failed to object to the superseding indictment that Petitioner contends charged him with causing death or serious bodily injury in connection with his possession and distribution of 50 grams or more of cocaine base. (3:10-cv-30, Doc. No. 1 at 4, 6, 9).

Petitioner's claims for relief must be denied. Petitioner was neither charged nor tried for an offense of causing death or seriously bodily injury. His charges relate to prostitution, money laundering, or conspiracy to possess and distribute more than 50 grams of cocaine base. See (3:04-cr-271, Doc. No. 88: Superseding Indictment; Doc. No. 269: Jury Verdict). Petitioner has raised no other colorable claims in his Section 2255 motion and it will be denied and dismissed.

**B.      Motion for Waiver of Fee**

Petitioner moves the Court to order the Clerk of Court to produce a copy of the Government's plea offer in his case and letters to counsel. Petitioner contends that he is indigent and he needs a copy of this document to "effectively present litigation pursuant to a successive § 2255 request to the Appellate Court for the Western District." (3:10-cv-30, Doc. No. 17). Other than assert that he has a particularized need for these documents, Petitioner fails to satisfy his obligation under 28 U.S.C. § 753(f) of demonstrating why he needs these documents. First, the Court notes that Petitioner's motion to amend his present Section 2255 was denied as being untimely. (Doc. No. 16). Second, Petitioner did not file a response to the Government's motion to dismiss his Section 2255 petition. Last, Petitioner's generalized assertions of "structural error and cause and prejudice for relief as required by law" fails to convince this Court that he has any special need for these documents. Petitioner presented no meritorious claims in the present Section 2255 proceeding and his effort to present additional claims was stifled by presenting the claims outside the one-year statute of limitations period provided for under 28 U.S.C. §

2255(f)(1)-(4). In its discretion, the Court will deny Petitioner's motion for waiver of fee.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss is **GRANTED**, (Doc. No. 13), and Petitioner's Motion for Waiver of Fee is **DENIED**. (Doc. No. 17).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge